IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

GEORGE LUJAN and JOHN GURULE,

      Plaintiffs,

v.                                               No. CIV 98-1191 BB/LFG

EARTHGRAINS BAKING COMPANIES, INC., ROBERT PRATT, DENNIS SMITH, and JOHN DOES I-V,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REMAND

THIS MATTER is before the Court on *Plaintiffs' Motion to Remand to State Court* [doc. #6], and the Court having read the briefs of counsel and being otherwise duly advised, FINDS that while the motion has surface appeal, it must be DENIED.

I. **Facts**

Plaintiffs filed their action in the Seventh Judicial District Court, Socorro County, New Mexico, alleging a breach of a distributorship contract in which Plaintiffs claim that their oral contract included the right to sell their distributorships and Defendant Earthgrains, acting through its officers and employees, Defendants Pratt and

Smith, conspired with others against Plaintiffs' interests, and unjustifiably declined the applications of certain prospective purchasers. One of the bases for the conspiracy and denigration of Plaintiffs' contract and property rights is alleged to be Defendants' discrimination against Plaintiffs and other Hispanics based on their ethnicity.

## II. Discussion

Plaintiffs state that eight of their nine causes of action are state claims. They characterize these claims as follows:

> Count I, Breach of Contract; Count II, Civil Conspiracy; Count III, Monies Due on Open Account; Count IV, Tortious Interference with Contractual Relationships; Count V, Tortious Interference with Prospective Contractual Relationships; Count VI, Earthgrains' Failure to Train and Supervise its Employees; Count VII, Violation of Civil Rights; Count VIII, Punitive Damages; and Count IX, Prima Facie Tort.

Plaintiffs' Motion at ¶ 2. Plaintiffs recognize that "[w]ith respect to Count VII alleging ethnic discrimination under 42 U.S.C. §§ 1981 and 1982, said discrimination arose out of the same actions and derived from a common nucleus of operative fact." *Ibid.* at ¶ 3. They conclude that since "it is evident that the ethnic discrimination portion of the complaint is interlocked with … the state law claims"[1] which predominate, the entire case should be remanded to state court under 28 U.S.C. § 1441(c).

---

[1] Memorandum of Points and Authorities in Support, p. 5.

**Defendants respond that because Plaintiffs' federal civil rights allegations are "pervasive"[2] throughout the complaint, removal was proper and this Court should retain jurisdiction over the entire case. Defendants further argue that this Court must retain jurisdiction over Count VII as it was properly removed under both 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Since Plaintiffs concede "the facts and proof required of the various state claims and the single federal issue are interlocked,"[3] Defendants contend this Court should exercise its supplemental jurisdiction to retain the entire case.**

**While the Court agrees that Plaintiffs' state law claims predominate, the greater weight of authority requires this Court to exercise its jurisdiction over Count VII. Given this conclusion, remanding the interrelated state claims would necessitate an unreasonable expenditure of resources by both the parties and the judiciary.**

**Plaintiffs' argument that this case should be remanded is founded on 28 U.S.C. § 1441(c). Before 1990, the language of § 1441(c) applied to both diversity and nondiversity cases. In 1990, this removal and remand provision was amended to apply only to federal question cases. The effect of the 1990 amendments on the authority of federal courts to remand "federal question" claims is far less clear. Prior to 1990, the language of § 1441(c) gave a federal district court discretion to remand "all matters not**

---

[2] Defendants' Response, p. 2.

[3] Plaintiffs' Memorandum, p. 5, as cited and discussed at Defendants' Response, p. 9.

**otherwise within its original jurisdiction."  This statute clearly gave the district court power to remand only those matters not within its original jurisdiction.  Rather than repeal § 1441(c) entirely,[4] Congress chose to change the language to grant a district court discretion to "remand all matters in which State law predominates."  Following the Commentary,[5] many district courts logically assumed Congress intended to give the federal courts greater control over their dockets by expanding their authority to remand federal question claims when the state law claims clearly predominate.[6]  This**

---

[4] Many scholars and legal commentators called on Congress to repeal § 1441(c) as either superfluous or unconstitutional. *See, e.g.*, David P. Currie, *The Federal Courts and the American Law Institute*, 36 U. Chi. L. Rev. 1, 25 (1968); *Report of the Federal Courts Study Committee*, 94-95 (1990); Charles Rothfeld, *Rationalizing Removal*, 1990 B.Y.U. L. Rev. 221, 239.  For a thorough discussion of the history of § 1441(c) and its problems, *see* Edward Hartnett, *A New Trick from an Old and Abused Dog: Section 1441(c) Lives and Now Permits the Remand of Federal Question Cases*, 63 Fordham L. Rev. 1099 (1995).

[5] The Commentary on the 1990 amendment states:

> Note that the word used by the statute is still "matters".  The federal court can remand all "matters" in which state law predominates.  If matters is construed to include all "claims", then a combination of claims in which a federal claim is one but in which state law is found to "predominate" may justify a remand of the whole case, with the federal claim included.

[6] *See Hayduk v. United Parcel Serv.*, 930 F. Supp. 584 (S.D. Fla. 1996); *Spaulding v. Mingo Cty. Bd. of Educ.*, 897 F. Supp. 284, 288 (S.D.W. Va. 1995); *Burnett v. Birmingham Bd. of Educ.*, 861 F. Supp. 1036 (N.D. Ala. 1994); *Bodenner v. Graves*, 828 F. Supp. 516, 519 (W.D. Mich. 1993); *Neal v. Fairman*, 1992 WL 370454 (N.D. Ill. 1992); *Lang v. American Elec. Power Co.*, 785 F. Supp. 1331 (N.D. Ind. 1992); *Moralez v. Meat Cutters Local 539*, 778 F. Supp. 368, 370 (E.D. Mich. 1991); *Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217

**interpretation of the 1990 amendment has also been adopted by some legal scholars.[7]
More recently, however, other district courts[8] as well as at least two circuit courts[9] have
rejected the notion that 28 U.S.C. § 1441(c) now authorizes remand of the federal
question even when the state claims predominate.**

---

(M.D. Ala. 1991); *Moore v. DeBiase*, 766 F. Supp. 1311, 1315-22 (D.N.J. 1991); *Holland v. World Omni Leasing, Inc.*, 764 F. Supp. 1442, 1443-44 (N.D. Ala. 1991); *Martin v. Drummond Coal Co.*, 756 F. Supp. 524, 525-27 (N.D. Ala. 1991).

[7] *See, e.g.*, David D. Siegel, *Changes in Federal Jurisdiction and Practice Under the New Judicial Improvements Act*, 133 F.R.D. 61, 77-78 (1991) (it should be noted Professor Siegel is also the author of the Commentary to § 1441(c)); Robert L. Haig, *Business and Commercial Litigation in Federal Courts*, § 8.9 (ABA 1998); Jason C.N. Smith, Comment, *Update on Changes in Federal Jurisdiction, Supplemental Jurisdiction, Venue and Removal*, 23 Tex. Tech. L. Rev. 571, 589 (1992). *Cf.* Hartnett, *supra* (arguing that, where state law claims predominate and novel issues of state law are involved, federal courts have the authority to remand entire case) 63 Fordham L. Rev. at 1176-78.

[8] *Hickerson v. City of New York*, 932 F. Supp. 550 (S.D.N.Y. 1996); *Salei v. Boardwalk Regency Corp.*, 1996 WL 32685 (E.D. Mich. 1996); *Kabealo v. Davis*, 829 F. Supp. 923, 926 (S.D. Ohio 1993), *aff'd without op.*, 72 F.3d 129 (6th Cir. 1995); *Torres v. Ortega*, 1993 U.S. Dist. Lexis 2644 (N.D. Ill. 1992).

[9] *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 785-87 (3d Cir. 1995); *Buchner v. FDIC*, 981 F.2d 817, 819-20 (5th Cir. 1993); *cf. Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100 (5th Cir. 1996) (recognizing district court had authority only to remand state claims not intertwined with federal question); *Williams v. Ragmore*, 147 F.3d 700, 703 (8th Cir. 1998) (district court may not remand § 1983 claims merely because state court has concurrent jurisdiction).

**The Tenth Circuit has not yet adopted a position on this controversy,[10] but it seems likely to follow the two circuit opinions rejecting remand authority.[11] The less adventurous course[12] is therefore to follow the only available circuit authority and retain Plaintiffs' claim seeking redress for an alleged violation of 42 U.S.C. §§ 1981 and 1983. Given the fact that both parties agree the federal civil rights claim is "interlocked" with the remaining claims, retention of the entire case appears most efficient.** *In re City of Mobile*, **75 F.3d 605, 607 (11th Cir. 1996). Moreover, since ethnic bias is at least one of the explanations advanced as to why Defendants allegedly deprived Plaintiffs of various business opportunities, it does seem appropriate, and most efficient, to have the entire matter presented to one jury.**

## O R D E R

**For the above stated reasons, the Plaintiffs' motion to remand is DENIED.**

---

[10] Plaintiffs rely on *Flores v. Long*, 926 F. Supp. 166 (D.N.M. 1995), *app. dism.*, 110 F.3d 730 (10th Cir. 1997), but that case involved dismissal where the district court lacked jurisdiction due to Eleventh Amendment immunity issues. That was also the situation in *Archuleta v. Lacuesta*, 131 F.3d 1359 (10th Cir. 1997), although in *Archuleta* the Circuit expressly recognized this issue.

[11] In dissenting in *Archuleta*, Judge Baldock argued that the court had the power and the duty to review the remand of claims not barred by the Eleventh Amendment because their remand was not "to a fair degree" based on lack of subject-matter jurisdiction. *Id.* at 1363-68.

[12] John B. Oakley, *Prospectus for the American Law Institute's Federal Judicial Code Revision Project*, 31 U.C. Davis L. Rev. 855, 986 (1998). *See also* 16 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.41[1][F] p. 107-204 (3d ed. 1998) (concluding "[t]he *Kabealo* and *Salei* courts' approach is correct").

**Dated at Albuquerque this 2$^d$ day of March, 1999.**

 */s/ Bruce D. Black*
 **BRUCE D. BLACK**
 **United States District Judge**

**Counsel for Plaintiff:**

 Patrick R. Brito, Santa Fe, NM

**Counsel for Defendant:**

 Henry M. Bohnhoff, Mary Keleher Castle, Rodey Law Firm, Albuquerque, NM
 Terry Allbrooks, Watrous & Reardon, Albuquerque, NM